UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CARMEN TAVAREZ-VARGAS, Individually, and
On Behalf of All Others Similarly Situated,

                        Plaintiffs,

                v.

SWING JUICE LLC,

                        Defendant.

------------------------------------------------------------------ x

21-cv-10976-JMF

**ANSWER WITH DEFENSES
AND COUNTERCLAIMS**

Defendant Swing Juice LLC ("Swing Juice" or "Defendant") hereby answers the Complaint ("Complaint") of Plaintiff Carmen Tavarez-Vargas, Individually, and On Behalf of All Others Similarly Situated, ("Plaintiff") as follows:

## NATURE OF ACTION

1.      Paragraph 1 serves as an introduction and requires no response. To the extent a response is required, Swing Juice denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

2.      Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2 and therefore denies the allegations, and states that its website is reasonably accessible and complies with any applicable requirements of the Americans with Disabilities Act ("ADA").

3.      Swing Juice denies the allegations in the first sentence of Paragraph 3 and denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this Paragraph and therefore denies the allegations.

4.     The allegations in Paragraph 4 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

5.     Paragraph 5 of the Complaint purports to characterize the nature of Plaintiff's claims and, as such, requires no response. To the extent a response is required, Swing Juice denies the allegations in this Paragraph and denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

<strong>JURISDICTION AND VENUE</strong>

6.     The allegations in Paragraph 6 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice does not contest that the Court has subject-matter jurisdiction over this action.

7.     The allegations in Paragraph 7 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice does not contest that the Court has subject-matter jurisdiction over this action.

8.     The allegations in Paragraph 8 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

9.     Swing Juice denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice does not contest that the Court has power to issue declaratory relief, but denies that Plaintiff is entitled to such relief or to any relief whatsoever.

11.     The allegations in Paragraph 11 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

## PARTIES

**Plaintiff**

12.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12 and therefore denies the allegations.

**Defendant**

13.     Swing Juice admits that it is a limited liability company organized under the laws of the State of Delaware. The remaining allegations in Paragraph 13 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the remaining allegations in this Paragraph.

## SUBSTANTIVE ALLEGATIONS

**The visually-impaired use screen readers to access the Internet.**

14.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14 and therefore denies the allegations.

15.     The allegations in Paragraph 15 simply characterize the nature of the Internet and, as such, require no response. To the extent a response is required, Swing Juice lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the allegation.

16.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 16 and therefore denies the allegations.

17.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 17 and therefore denies the allegations.

**A company's website must accommodate the use of screen readers**

18.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 18 and therefore denies the allegations.

19.     In response to the allegations in Paragraph 19, Swing Juice respectfully refers the Court to the WCAG referenced in this Paragraph, the contents of which speak for themselves, and denies any allegations inconsistent therewith.

**Defendant's website discriminates against the visually-impaired by containing access barriers**

20.     Swing Juice admits that it operates a website at www.swingjuice.com and that it offers sports-related apparel and accessories for sale on that website. Swing Juice denies any remaining allegations in Paragraph 20.

21.     Swing Juice denies the allegations in Paragraph 21.

22.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 22 and therefore denies the allegations, and denies that its website is inaccessible under the ADA or New York City Human Rights Law ("NYCHRL").

23.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 23 and therefore denies the allegations, and denies that its website is inaccessible under the ADA or New York City Human Rights Law ("NYCHRL").

24.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 24 and therefore denies the allegations, and denies that its website is inaccessible under the ADA or New York City Human Rights Law ("NYCHRL").

**Defendant must remove the website's accessibility barriers**

25.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 25 and therefore denies the allegations, and denies that its website is inaccessible under the ADA or New York City Human Rights Law ("NYCHRL").

26.     Swing Juice denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of Paragraph 26 and therefore denies the allegations. Swing Juice denies the remaining allegations in Paragraph 26, and further denies that its website is inaccessible under the ADA or New York City Human Rights Law ("NYCHRL").

27.     Swing Juice denies the allegations in Paragraph 27, and specifically denies that it lacks a plan or policy reasonably calculated to make its website accessible to blind and other visually impaired consumers. Swing Juice further denies that its website is inaccessible under the ADA or New York City Human Rights Law ("NYCHRL").

28.     Swing Juice denies the remaining allegations in Paragraph 28.

**CLASS ACTION ALLEGATIONS**

29.     Swing Juice admits that Plaintiff purports to bring this action on behalf of himself and a putative class but denies that any class or subclass is appropriate or can be certified under Rule 23.

30.     Swing Juice admits that Plaintiff purports to bring this action on behalf of himself and a putative class but denies that any class or subclass is appropriate or can be certified under Rule 23.

31.     The allegations in Paragraph 31 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in Paragraph 31 and further denies that any class or subclass is appropriate or can be certified under Rule 23.

32.     The allegations in Paragraph 32 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in Paragraph 31 and further denies that any class or subclass is appropriate or can be certified under Rule 23.

33.     The allegations in Paragraph 33 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in Paragraph 31 and further denies that any class or subclass is appropriate or can be certified under Rule 23.

34.     The allegations in Paragraph 34 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in Paragraph 31 and further denies that any class or subclass is appropriate or can be certified under Rule 23.

35.     The allegations in Paragraph 35 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in Paragraph 31 and further denies that any class or subclass is appropriate or can be certified under Rule 23.

36.     The allegations in Paragraph 36 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in Paragraph 31 and further denies that any class or subclass is appropriate or can be certified under Rule 23.

## COUNT I

**Against Defendant for Violations of the ADA, 42 U.S.C. §§ 12101 *et seq*., on behalf of Plaintiff and the Class**

37.     In response to Paragraph 37, Swing Juice repeats its answers and statements set forth above and incorporates them by reference.

38.     Swing Juice refers to the section of the ADA cited in Paragraph 38 of the Complaint, which speaks for itself, and denies any allegations inconsistent therewith.

39.     The allegations in Paragraph 39 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice refers to the section of the ADA cited

in Paragraph 39 of the Complaint, denies any allegations inconsistent therewith, and denies the remaining allegations in this Paragraph.

40.     The allegations in Paragraph 40 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice refers to the section of the ADA cited in Paragraph 40 of the Complaint, denies any allegations inconsistent therewith, and denies the remaining allegations in this Paragraph.

41.     The allegations in Paragraph 41 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice refers to the section of the ADA cited in Paragraph 41 of the Complaint, denies any allegations inconsistent therewith, and denies the remaining allegations in this Paragraph.

42.     The allegations in Paragraph 42 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice refers to the section of the ADA cited in Paragraph 42 of the Complaint, denies any allegations inconsistent therewith, and denies the remaining allegations in this Paragraph.

43.     The allegations in Paragraph 43 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice refers to the section of the ADA cited in Paragraph 43 of the Complaint, denies any allegations inconsistent therewith, and denies the remaining allegations in this Paragraph.

44.     The allegations in Paragraph 44 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

45.     The allegations in Paragraph 45 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

## COUNT II

**Against Defendant for Violations of the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq*., on behalf of Plaintiff and the NYC Sub-Class**

46.     In response to Paragraph 46, Swing Juice repeats its answers and statements set forth above and incorporates them by reference.

47.     Swing Juice refers to the section of the NYCHRL cited in Paragraph 47 of the Complaint, which speaks for itself, and denies any allegations inconsistent therewith.

48.     The allegations in Paragraph 48 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice refers to the section of the ADA cited in Paragraph 48 of the Complaint, denies any allegations inconsistent therewith, and denies the remaining allegations in this Paragraph.

49.     The allegations in Paragraph 49 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

50.     Swing Juice refers to the section of the NYCHRL cited in Paragraph 50 of the Complaint, which speaks for itself, and denies any allegations inconsistent therewith.

51.     The allegations in Paragraph 51 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

52.    The allegations in Paragraph 52 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

## COUNT III

### Against Defendant for Declaratory Relief, on behalf of Plaintiff and the Class

53.    In response to Paragraph 53, Swing Juice repeats its answers and statements set forth above and incorporates them by reference.

54.    The allegations in Paragraph 54 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

55.    The allegations in Paragraph 55 constitute a legal conclusion to which no response is required. To the extent a response is required, Swing Juice denies the allegations in this Paragraph.

## DEFENSES

Without admitting any of the facts alleged in the Complaint, Swing Juice hereby asserts and alleges the following separate and additional defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden property belongs to Plaintiff, and without prejudice to Swing Juice's right to argue that Plaintiff bears the burden of proof as to any one or more of said defenses. Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. Swing Juice presently has insufficient knowledge or information as to whether it may have additional, as yet unasserted, defenses. Swing Juice therefore reserves the right to assert additional defenses in the event discovery or further proceedings indicate such additional defense would be appropriate.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The court lacks jurisdiction over Plaintiff's claims.

3.      The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, by the doctrines of waiver, estoppel, and ratification.

4.      The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, by the applicable statute of limitations.

5.      The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, by the doctrine of laches.

6.      The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, because Plaintiff does not have standing to bring these claims.

7.      The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, by Plaintiff's failure to mitigate any alleged loss, injury or damages. To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, recovery against Swing Juice, if any, must be reduced by that amount.

8.      Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages, if any, are vague, uncertain, and speculative.

9.      Plaintiff cannot recover punitive or exemplary damages against Swing Juice in this case for any claim alleged in the Complaint because the Complaint has not sufficiently alleged facts supporting such damages and Plaintiff cannot establish facts sufficient to show that Swing Juice is guilty of oppression, fraud, or malice or that Plaintiff is otherwise entitled to punitive damages.

10.     The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, because Swing Juice's website is not a place of public

accommodation under the ADA, and is neither a "sales establishment" nor a place of public accommodation under the NYCHRL.

11.     The Complaint and each and every claim against Swing Juice is barred and precluded, in whole or in part, because, to the extent Swing Juice's website is a place of public accommodation or a sales establishment, the website is reasonably accessible to blind or otherwise visually impaired persons under the ADA and NYCHRL.

**WHEREFORE,** Swing Juice respectfully requests that this action be dismissed with prejudice, that Swing Juice receive all of its costs and reasonable attorneys' fees, and that the Court award such other and further relief to Swing Juice as it deems just and proper.

## <u>DEFENDANT SWING JUICE'S COUNTERCLAIMS</u>

Defendant Swing Juice hereby states as follows in support of its Counterclaim against Plaintiff:

### <u>Parties</u>

1.     Swing Juice is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the state of Rhode Island.

2.     Upon information and belief, Plaintiff is an individual residing in the Bronx, New York.

### <u>Jurisdiction and Venue</u>

3.     This Court has subject matter jurisdiction over this Counterclaim based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this judicial district and a substantial part of the events giving rise to the Counterclaim occurred in this judicial district.

**Factual Background**

5.      Swing Juice was initially founded as a beverage company offering a unique energy drink specifically created for golf enthusiasts.

6.      In 2014, Swing Juice's business transitioned from selling beverages to selling golf-inspired apparel.

7.      Currently, Swing Juice's website offers a selection of golf and baseball-inspired apparel for men, women, and children, as well as accessories.

8.      Swing Juice sells its products directly consumers through its website. Consumers can place orders on Swing Juice's website and the products in the order are subsequently shipped directly to the consumers.

9.      Swing Juice has or currently does offer its products at some physical locations of Scheels sporting goods stores, as well as on Amazon.com and at some Modell's Sporting Goods stores and on Modell's website. Swing Juice has never operated its own physical retail stores, however.

**COUNT I**
**Declaratory Relief**

10.      Swing Juice incorporates by reference the allegations in the proceeding paragraphs as if fully set forth herein.

11.      Title III of the Americans with Disabilities Act ("ADA") prohibits discrimination against the disabled "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

12.      The ADA defines "place of public accommodation" in 42 U.S.C. § 12181(7). This definition includes "a bakery, grocery store, clothing store, hardware store, shopping center, or

other sales or rental establishment." 42 U.S.C. § 12181(7)(E). Swing Juice's website is none of these.

13.     The definition contained in this Section does not include stand-alone websites, without any accompanying physical place. Accordingly, Title III of the ADA cannot apply to Swing Juice. Plaintiff alleges that Title III of the ADA does apply to Swing Juice. Thus, an actual case and justiciable controversy exists.

14.     The dispute is a substantial controversy between adverse legal interest of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

15.     Swing Juice's interest in the dispute is direct, substantial, and present.

16.     Declaratory relief to determine the parties' respective rights and interest is an appropriate remedy under the circumstances.

17.     Swing Juice is entitled to a judicial declaration that its website is not a place of public accommodation and thus that Title III of the ADA does not apply to it.

### COUNT II
### Declaratory Relief

18.     Swing Juice incorporates by reference the allegations in the proceeding paragraphs as if fully set forth herein.

19.     Section 8-107(4)(a) of the New York City Human Rights Law ("NYCHRL") prohibits discrimination against the disabled by "any place of provider of public accommodation …." N.Y.C. Admin. Code § 8-107(4)(a).

20.     The NYCHRL defines "place or provider of public accommodation" in N.Y.C. Admin. Code § 8-102.

21.     The definition contained in these Sections does not include stand-alone websites, without any accompanying physical place. Accordingly, the NYCHRL cannot apply to Swing

Juice. Plaintiff alleges that the NYCHRL does apply to Swing Juice. Thus, an actual case and justiciable controversy exists.

22.     The dispute is a substantial controversy between adverse legal interest of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

23.     Swing Juice's interest in the dispute is direct, substantial, and present.

24.     Declaratory relief to determine the parties' respective rights and interest is an appropriate remedy under the circumstances.

25.     Swing Juice is entitled to a judicial declaration that its website is not a place of public accommodation and thus that the NYCHRL does not apply to it.

**WHEREFORE,** Swing Juice respectfully requests a judicial declaration that neither the ADA nor the NYCHRL apply to Swing Juice, that this action be dismissed with prejudice, that Swing Juice receive all of its costs and reasonable attorneys' fees, and that the Court award such other and further relief to Swing Juice as it deems just and proper.

Dated: New York, New York
       March 7, 2022                                LOCKE LORD LLP

                                             */s/ Charles E. Phipps*
                                             Charles E. Phipps
                                             Chase Tower, 2200 Ross Avenue
                                             Suite 2800
                                             Dallas, TX 75201
                                             214-740-8441
                                             cphipps@lockelord.com

                                             Andrew Braunstein
                                             Brookfield Place, 200 Vesey Street
                                             20th Floor
                                             New York, NY  10281
                                             212-415-8600
                                             andrew.braunstein@lockelord.com

                                             *Counsel for Defendant Swing Juice LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2022, I caused a true and correct copy of the foregoing ANSWER WITH DEFENSES AND COUNTERCLAIMS to be served on all parties entitled to notice by electronic filing on the CM/ECF system.

*/s/ Andrew Braunstein*